## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN W. HANNA** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 21-3812** |
| **BERKS COUNTY DISTRICT ATTORNEY'S OFFICE COLIN BOYER,** *et al.* | |
| **Defendants.** | |

### MEMORANDUM

**RUFE, J.**                                                     **November 19, 2021**

Plaintiff Kevin W. Hanna, a pretrial detainee currently confined at Berks County Jail in connection with criminal charges pending against him in Berks County, PA, filed this civil action based on that prosecution. Hanna asserts claims against five identified Defendants: (1) Colin Boyer of the Berks County District Attorney's Office, (2) Sean Fitzgerald of the Berks County Public Defender's Office, (3) Sgt. Menges of the Reading Police Department, (4) a Kyle "Doe" (referred to hereafter as "Kyle"), and (5) Magistrate "Jane Doe."[1] Hanna seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. For the following reasons, the Court will grant Hanna leave to proceed *in forma pauperis*, stay his claims against Sgt. Menges, and dismiss the balance of his claims against the other four Defendants.

---

[1] Compl. [Doc No. 2] at 2. Hanna does not appear to assert claims against the Berks County District Attorney's Office or the Berks County Public Defender's Office, as he makes no separate allegations about the offices.

## I.   FACTUAL ALLEGATIONS[2]

The allegations in Hanna's Complaint concern a July 30, 2021 preliminary hearing held by videoconference on charges that Hanna received stolen property.[3] It appears from Hanna's Complaint that the specific property at issue was an allegedly stolen truck.[4]

Hanna claims that at the beginning of the preliminary hearing, he asked Magistrate Jane Doe, D.A. Boyer, and Public Defender Fitzgerald if Shannon Casey was present for the hearing, as she was a witness to the events that formed the basis of the underlying criminal charge, but Hanna was told that she was not there.[5] Hanna asserts that Casey was available at the preliminary hearing to testify that the "Co-owner of the vehicle in question gave me the keys and asked me to fix his truck because the guy he got it off of which is Kyle 'Doe', [*sic*] could not and would not honor their warranty or agreement."[6] According to Hanna, Casey spoke with D.A. Boyer before the preliminary hearing about presenting witness testimony, but was informed by D.A. Boyer that she must leave the courtroom and would be called in to testify.[7] It appears from Hanna's allegations that Casey was not recalled to the courtroom, and that Magistrate Jane Doe did not hear her proposed alibi testimony.[8]

Hanna further alleges that D.A. Boyer and Sgt. Menges coached Defendant Kyle to identify Hanna as the man wearing a blue t-shirt who was shown on surveillance footage taking

---

[2] The factual allegations are taken from Hanna's Complaint and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[3] *See* Compl. 2 [Doc No. 2] at 2; *see Commonwealth v. Hanna*, CP-06-CR-0002583-2021 (C.P. Berks). The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] Compl. [Doc No. 2] at 2, 4.

[5] Compl. [Doc No. 2] at 2.

[6] Compl. [Doc No. 2] at 4.

[7] Compl. [Doc No. 2] at 2.

[8] Compl. [Doc No. 2] at 4.

the vehicle, and to testify that Hanna was wearing the same clothes at the preliminary hearing.[9] However, Hanna contends that he lacked time to change into his street clothes and that he was actually wearing a prison jumpsuit during the hearing.[10] Hanna claims that this discrepancy was not known to D.A. Boyer, Sgt. Menges, and Kyle before the hearing, and that Kyle proceeded to testify that Hanna's clothing in the hearing matched the clothing on the surveillance footage.[11]

Hanna also alleges that Kyle testified to irrelevant and prejudicial facts, including "that there was [*sic*] brand new tools still in the box which were not his and [that] it looked like [Hanna] stole them."[12] Hanna asserts that Public Defender Fitzgerald failed to object to the prejudicial statements made by Kyle.[13] Additionally, Hanna avers that by "inmate communication form and via video conference" he informed Public Defender Fitzgerald that he wanted to proceed *pro se*, and that he had alibi witnesses.[14] Hanna also alleges that he attempted to object during Kyle's testimony, and tried to inform the court of his alibi, but was told by Magistrate Jane Doe to "shut up," and was laughed at and instructed to be quiet by D.A. Boyer.[15]

According to Hanna, D.A. Boyer intimidated Hanna's witness by instructing her to leave the courtroom.[16] He contends that D.A. Boyer and Sgt. Menges "were trying to frame [Hanna] but were unaware that [Hanna] had a solid provable alibi."[17] Hanna further avers that the preliminary hearing "was one sided and [s]tripped [him] of his rights and liberty and has caused

---

[9] Compl.[Doc No. 2] at 3.

[10] Compl. [Doc No. 2] at 2–3.

[11] Compl. [Doc No. 2] at 3.

[12] Compl. [Doc No. 2] at 3.

[13] Compl. [Doc No. 2] at 3.

[14] Compl. [Doc No. 2] at 3.

[15] Compl. [Doc No. 2] at 3.

[16] Compl. [Doc No. 2] at 3.

[17] Compl. [Doc No. 2] at 3.

a high level of anxiety and stress."[18] Hanna claims that the "misconduct" by D.A. Boyer, Sgt. Menges, Magistrate Jane Doe and Kyle has caused him psychological damage and loss of property.[19] He seeks monetary damages.[20]

      Public records confirm that Hanna's preliminary hearing was held on July 30, 2021.[21] Defendant Boyer remains the prosecutor of Hanna's case, although conflict counsel was appointed to represent Hanna.[22] The case has been listed for trial.[23]

## II.    STANDARD OF REVIEW

      The Court grants Hanna leave to proceed *in forma pauperis* because it appears that he is incapable of paying the full filing fee in advance to commence this civil action.[24] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires the Court to determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[25] "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible . . .

---

[18] Compl.[Doc No. 2] at 3.

[19] Compl.[Doc No. 2] at 3.

[20] Compl. [Doc No. 2] at 4.

[21] *See Commonwealth v. Hanna*, MJ-23105-CR-0000213-2021.

[22] *See Commonwealth v. Hanna*, CP-06-CR-0002583-2021 (C.P. Berks).

[23] *Id.*

[24] However, as Hanna is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b)(1).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see, e.g.*, *Shorter v. United States*, 12 F.4th 366, 369 n.1, 370 (3d Cir. 2021) (applying *Iqbal's* Rule 12(b)(6) pleading standard to a dismissal under § 1915(e)(2)(B)).

claim.'"[26] Conclusory allegations do not suffice.[27] As Hanna is proceeding *pro se*, the Court

construes his allegations liberally.[28]

## III.    DISCUSSION

The Court generally understands Hanna to be asserting claims based on the violation of

rights secured by the United States Constitution, which are brought under 42 U.S.C. § 1983.[29]

"Section 1983 is not a source of substantive rights, but merely a method to vindicate violations

of federal law committed by state actors."[30] "To state a claim under § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law."[31]

### A.    Claims against D.A. Boyer

Hanna's claims against D.A. Boyer are based on his alleged actions at the preliminary

hearing on July 30, 2021. Prosecutors are entitled to absolute immunity from liability under

§ 1983 for acts that are "intimately associated with the judicial phase of the criminal process,"

such as "initiating a prosecution and . . . presenting the State's case."[32] Absolute immunity

extends to prosecutorial conduct involving the presentation of evidence, "including 'soliciting

---

[26] *Shorter*, 12 F.4th at 374 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[27] *Iqbal*, 556 U.S. at 678.

[28] *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[29] Federal district courts have limited jurisdiction and can only issue rulings on claims that fall within the subject matter jurisdiction of the court. The Court has jurisdiction to hear constitutional claims under § 1983. However, to the extent that Hanna intends to assert claims under state law, this Court does not have original jurisdiction over those claims because there are no allegations that Hanna is not a citizen of the same state as any Defendant, and the Court declines to exercise supplemental jurisdiction over any such claims. Therefore, any state law claims are dismissed without prejudice to file suit in the appropriate state court.

[30] *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (first citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002); and then citing *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996)).

[31] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[32] *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

false testimony from witnesses in grand jury proceedings and probable cause hearings,' presenting a state's case at trial, and appearing before a judge to present evidence."[33] Because Hanna's claims against D.A. Boyer are based upon Boyer's actions as a prosecutor representing the Commonwealth in the judicial phase of Hanna's criminal proceedings, Boyer is entitled to absolute immunity and the claim against him will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.      Claims against Public Defender Fitzgerald

Hanna's claims against Public Defender Fitzgerald are based on Fitzgerald's actions representing Hanna in his criminal case. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[34] "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."[35] Because Hanna's claims against Fitzgerald are based on acts he took while acting as counsel to Hanna at his preliminary hearing, they are not cognizable under § 1983 because Fitzgerald is not a state actor in that context. The claims asserted against Fitzgerald will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.      Claims against Magistrate Jane Doe

The Court understands Hanna's use of "Magistrate Jane Doe" to be a reference to the judicial officer who presided over Hanna's July 30, 2021 preliminary hearing. As an initial matter, it is unclear from the text of the Complaint whether Hanna intended to include Magistrate

---

[33] *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992)) (citations omitted).

[34] *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

[35] *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

Jane Doe as a named Defendant in this case, as her name appears to be either erased or written over on one version of the Complaint's caption and she is not listed on the other caption.[36]

Even if Plaintiff does intend to assert claims against Magistrate Jane Doe, Magistrate Jane Doe is entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.[37] An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."[38] Moreover, "[g]enerally . . . where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes."[39] Because the only allegations against Magistrate Jane Doe are based on acts she took in her judicial capacity while presiding over Hanna's preliminary hearing on July 30, 2021, she is entitled to absolute immunity and the claims against her must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### D.       Claims against Kyle "Doe"

It is also unclear whether Hanna intended to name Kyle as a Defendant in this action, as Kyle's name is obscured in a similar manner to Magistrate Jane Doe's name.[40] To the extent the Complaint attempts to allege any claims against Kyle based on his testimony at the preliminary hearing, Hanna has not alleged a plausible claim under § 1983. As noted above, a plaintiff must allege that a person acting under color of state law committed a constitutional violation in order

---

[36] *See* Compl.[Doc No. 2] at 1, 2.

[37] *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).

[38] *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).

[39] *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quotations and citation omitted).

[40] *See* Compl. [Doc No. 2] at 2.

to state a § 1983 claim.[41] Whether a defendant is a state actor depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."[42] Here, nothing in the Complaint alleges that Kyle is a state actor. Importantly, private parties are entitled to absolute immunity from civil rights claims based on testimony proffered at pretrial hearings and at trial.[43] As this Court cannot construe a claim from Hanna's pleadings on which relief could possibly be granted, the Court will dismiss Hanna's claims against Kyle Doe pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

> **E.    Claims against Sgt. Menges**

Hanna's claims against Sgt. Menges are based on alleged actions taken by him in connection with Hanna's ongoing prosecution by the Commonwealth of Pennsylvania, and so cannot proceed at this time.[44] Because Hanna's state court criminal case remains pending, this Court must abstain from adjudicating claims against Sgt. Menges. "Abstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue."[45] In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."[46] *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state

---

[41] *See West*, 487 U.S. at 48.

[42] *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001) (quotations and citation omitted).

[43] *See Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983); *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988). The same privilege extends to claims under Pennsylvania law. *See Preiser v. Rosenzweig*, 646 A.2d 1166, 1167 (Pa. 1994) ("Common law accords an absolute privilege of immunity to statements, whether defamatory or not, to pleadings and other papers filed in regular judicial proceedings.")

[44] *See Commonwealth v. Hanna*, CP-06-CR-0002583-2021 (C.P. Berks).

[45] *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).

[46] *Yang v. Tsui*, 416 F.3d 199, 201 (3d Cir. 2005) (discussing *Younger*); *see also Younger v. Harris*, 401 U.S. 37 (1971).

governmental functions in our federal system."[47] Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding.[48] However, "[a]bstention under *Younger* is appropriate only if (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."[49]

The *Younger* requirements are clearly met in this case. First, the criminal proceeding is still pending. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide Hanna an adequate opportunity to argue in the state forum that the actions of Sgt. Menges have adversely impacted the evidence presented at his preliminary hearing and constitute a due process violation. This Court may assume that the state procedures will afford him an adequate remedy.[50] Accordingly, it is appropriate to abstain from entertaining the sole remaining claim in this case against Sgt. Menges out of deference to the state judicial process.[51]

---

[47] *Evans v. Ct. of Common Pleas, Del. Cnty.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (quoting *Younger*, 401 U.S. at 44).

[48] *Id.*

[49] *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

[50] *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.").

Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53–54. The exceptions are narrowly construed. *See, e.g.*, *Hall v. Pennsylvania*, Civ. A. No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012); *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991). There is nothing in the Complaint to indicate that Hanna falls within any of the narrow exceptions to the *Younger* doctrine, and the Court notes that Hanna here seeks monetary damages rather than equitable relief.

[51] *See Ellis v. Mondello*, Civ. A. No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

IV.    **CONCLUSION**

The Court will grant Hanna leave to proceed *in forma pauperis*. As set forth more fully above, Hanna's claims against D.A. Boyer, Public Defender Fitzgerald, Kyle Doe, and Magistrate Jane Doe are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Hanna's claims against Sgt. Menges are stayed pursuant to *Younger*.[52] As abstention on the claims against Sgt. Menges is warranted, the Court does not address the merit of those claims. Hanna may move to reopen this action following resolution of his criminal case. An appropriate Order follows.

---

[52] When a plaintiff claims monetary damages for alleged misconduct in an ongoing state criminal prosecution, the appropriate remedy is to stay rather than dismiss such claims. *See Williams*, 844 F.2d at 145 (quotations omitted) ("staying claims for monetary relief that are unavailable in ongoing state proceedings allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists.").