IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN W. HANNA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-3812 |
| | : | |
| BERKS COUNTY | : | |
| DISTRICT ATTORNEYS OFFICE | | |
| COLIN BOYER, et al. | : | |
|     Defendants. | : | |

**<u>MEMORANDUM</u>**

**RUFE, J.**                                                                                                               **January 11, 2023**

Plaintiff Kevin W. Hanna initiated this civil action on August 23, 2021, while confined as a pretrial detainee at Berks County Jail in connection with criminal charges pending against him in that county. Currently before the Court are Hanna's remaining claims against Defendant Sgt. Menges of the Reading Police Department. For the following reasons, the Court will dismiss these claims without prejudice. Hanna will be given an opportunity to cure the deficiencies noted below by filing an amended complaint.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

The allegations in Hanna's Complaint concern a July 30, 2021 preliminary hearing held by videoconference in a criminal prosecution in the Berks County Court of Common Pleas.[2] It appears from Hanna's Complaint that he was charged with receiving stolen property, namely, a

---

[1] The factual allegations are taken from Hanna's Complaint and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Compl. at 2.

vehicle.[3]  The publicly available state court docket reflects that Hanna also was charged with intentional possession of a controlled substance by a person not registered.[4]

By Memorandum and Order dated November 19, 2021, the Court granted Hanna leave to proceed *in forma pauperis* and screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissing with prejudice his claims against Defendants Colin Boyer, Sean Fitzgerald, Magistrate "Jane Doe," and Kyle "Doe."[5]  The Court stayed Hanna's claims against Defendant Sgt. Menges,[6] which were based on alleged actions taken by him in connection with Hanna's then-pending prosecution by the Commonwealth of Pennsylvania, under the abstention doctrine set forth by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971).[7]  Hanna was instructed that he could move to reopen the matter following resolution of his criminal case.[8]  The Court's November 2021 Memorandum and Orders that were sent to Hanna at Berks County Jail were subsequently returned to the Court by the United States Postal Service as undeliverable, with the notation that Hanna was no longer confined there.[9]

---

[3] *See id.* at 4.

[4] *See Commonwealth v. Hanna*, CP-06-CR-0002583-2021 (C.P. Berks).

Hanna's subsequent submissions to the Court indicate that the receipt of stolen property charge was withdrawn.  *See* Doc. Nos. 13, 17.  The state court docket referenced by Hanna does not include any information concerning a charge of receiving stolen property; however, it reflects that Hanna pled guilty on June 29, 2022, to the charge of intentional possession of a controlled substance by a person not registered.  *See Commonwealth v. Hanna*, CP-06-CR-0002583-2021 (C.P. Berks).

[5] Hanna's claims against D.A. Boyer were dismissed with prejudice based on absolute immunity; the claims against Public Defender Fitzgerald were dismissed with prejudice because Fitzgerald is not a state actor; the claims against Magistrate Jane Doe were dismissed with prejudice because she is entitled to absolute judicial immunity; and the claims against Kyle "Doe" were dismissed with prejudice because he is not a state actor and is entitled to immunity from a civil rights claim based on testimony at a pretrial hearing.  *See* Doc. No. 8.

[6] State court records list Charles R. Menges as the arresting officer in *Commonwealth v. Hanna*, CP-06-CR-0002583-2021 (C.P. Berks).

[7] Doc. Nos. 8 and 9.

[8] *Id.*

[9] Doc. Nos. 8-12.

On July 25, 2022, Hanna filed a Motion for Appointment of Counsel, indicating, *inter alia*, that "the charge(s) receiving stolen property was withdrawn by the Commonwealth. See CP-06-CR-2583-2021," and asking to reopen his case and file an amended complaint.[10] By Order dated August 1, 2022, the motion was granted in part and denied in part such that the matter was reopened, Hanna was granted thirty-days leave to file an amended complaint on the claims that were not previously dismissed with prejudice, and the motion to appoint counsel was denied as premature.[11] The Order also provided that if Hanna did not file any response, the Court would conclude that Hanna intended to stand on his Complaint and would screen the remaining claims against Sgt. Menges pursuant to 28 U.S.C. § 1915(e)(2)(B).[12] Additionally, the Clerk of Court was directed to re-send copies of the November 19, 2021 Memorandum (Doc. No. 8), November 19, 2021 Order (Doc. No. 9), and November 22, 2021 Order (Doc. No. 10) to Hanna at the address listed on the docket.[13]

The Court's August 1, 2022 Order, along with its attachments, were returned by the United States Postal Service as undeliverable, as Hanna was no longer in custody.[14] He did not provide an updated address to the Court. However, on October 26, 2022, Hanna filed a new, unrelated civil action with the Court which reflected that he is currently incarcerated at FCI Hazelton.[15] Consequently, by Order dated November 3, 2022, the Court directed the Clerk of Court to update the docket to reflect Hanna's current address at FCI Hazelton and to re-send

---

[10] Doc. No. 13.

[11] Doc. No. 14.

[12] *Id.* at 3 (citing *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019)).

[13] *Id.*

[14] Doc. No. 15.

[15] *Hanna v. Lehigh County Department of Corrections*, Civ. A. No. 22-4305 (E.D. Pa.).

3

Doc. Nos. 8, 9, 10 and 14 to Hanna.[16] The November 3, 2022 Order also extended the deadlines for compliance with prior Orders, such that Hanna was given an additional thirty days to file an amended complaint if he chose to do so.[17]

On November 21, 2022, Hanna filed a Notice to Stand on Complaint, indicating that he intends to proceed on his original Complaint and that "Receiving Stolen Property was withdrawn by the Berks County District Attorneys Office. Docket No. CP-06-CR-0002583-21."[18] Accordingly, the Court will screen the claims set forth in the initial Complaint against the sole remaining Defendant, Sgt. Menges, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Hanna's claims against Sgt. Menges arise out of the July 30, 2021 preliminary hearing in Hanna's criminal case. Hanna alleges that Sgt. Menges, along with D.A. Boyer, coached a witness, "Kyle Doe," to identify Hanna as the man on surveillance footage who wore a blue t-shirt while taking the vehicle, and further, to testify that Hanna was wearing the same clothes at the preliminary hearing.[19] However, Hanna contends that due to a lack of time, he was unable to change into street clothes prior to the hearing and was wearing a prison jumpsuit, not the street clothes, during the hearing.[20] Hanna claims that this discrepancy was not known to D.A. Boyer, Sgt. Menges, and Kyle.[21] He also alleges that Kyle testified to irrelevant and prejudicial facts, including "that there was brand new tools still in the box which were not his and it looked like [Hanna] stole them."[22] Hanna further contends that another witness, Shannon Casey, was at the

---

[16] Doc. No. 16.

[17] *Id.*

[18] Doc. No. 17.

[19] Compl. at 3.

[20] *Id.* at 2-3.

[21] *Id.* at 3.

[22] *Id.*

4

preliminary hearing "to testify that Mark Miller, Co-owner of the vehicle in question gave [Hanna] the keys and asked [Hanna] to fix his truck. . . ."[23] Hanna claims that Sgt. Menges and D.A. Boyer "did not care about any off [sic] this evidence and kicked [Casey] out of the Courtroom so the [magistrate judge] would not hear the truth. . . ."[24] Hanna does not provide any further context about the charges against him or Kyle's testimony at the hearing.

Hanna contends that Sgt. Menges, along with D.A. Boyer, "were trying to frame [Hanna] but were unaware that [Hanna] had a solid provable alibi."[25] Hanna further avers that the preliminary hearing "was one sided and [s]tripped [him] of his rights and liberty and caused a high level of anxiety and stress."[26] Hanna claims that the "misconduct" caused him psychological damage and loss of property.[27] He seeks monetary damages.[28]

## II.   STANDARD OF REVIEW

Since Hanna is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[29] which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[30]  "At this early stage of

---

[23] *Id.* at 4.

[24] *Id.*

[25] *Id.* at 3.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 4.

[29] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"[31] Conclusory allegations do not suffice.[32] As Hanna is proceeding *pro se*, the Court construes his allegations liberally.[33]

### III. DISCUSSION

The Court understands Hanna to assert constitutional claims against Sgt. Menges. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[34]

Hanna's claims are based on actions taken at Hanna's preliminary hearing in *Commonwealth v. Hanna*, CP-06-CR-0002583-2021 (C.P. Berks). With respect to Sgt. Menges specifically, Hanna's allegations are quite brief. He asserts that Sgt. Menges, along with D.A. Boyer, coached Kyle to identify Hanna as the man on surveillance footage who wore a blue t-shirt while taking the vehicle, and to testify that Hanna was wearing the same clothes at the preliminary hearing.[35] However, Hanna contends that he wore a prison jumpsuit, not the street clothes during the hearing, and that this discrepancy was not known to D.A. Boyer, Sgt. Menges,

---

[31] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[32] *Iqbal*, 556 U.S. at 678.

[33] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

[34] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[35] Compl. at 3.

and Kyle.[36]  Hanna also claims that Sgt. Menges and D.A. Boyer threw another witness out of the courtroom so that the magistrate judge would not hear "the truth."[37]  According to Hanna, D.A. Boyer and Sgt. Menges "were trying to frame [Hanna] but were unaware that [Hanna] had a solid provable alibi."[38]

Although not entirely clear, Hanna's allegations against Sgt. Menges in the initial Complaint are best construed at this time as a Fourth Amendment malicious prosecution claim. A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[39]  With respect to the second element, the United States Supreme Court recently clarified that a plaintiff need not "show that the criminal prosecution ended with some affirmative indication of innocence" and "need only show that the criminal prosecution ended without a conviction."[40]  Additionally, with respect to the third element, "[p]robable cause exists when the facts known to the officer are sufficient to warrant a reasonable person to believe that an offense has been committed."[41]

---

[36] *Id.* at 2-3.

[37] *Id.* at 4.

[38] *Id.* at 3.

[39] *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

[40] *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022); *see also Coello v. DiLeo*, 43 F.4th 346, 354-55 (3d Cir. 2022) ("A § 1983 claim sounding in malicious prosecution accrues when 'the prosecution terminate[s] without a conviction.'").

[41] *Harper v. City of Philadelphia*, No. 21-2262, 2022 WL 17337574, at *1 (3d Cir. Nov. 30, 2022) (citing *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995)).

Here, Hanna's allegations are conclusory and fall short of providing sufficient factual allegations to state a plausible claim. Assuming *arguendo* for purposes of statutory screening that Hanna adequately alleged that the underlying criminal proceeding ended in his favor,[42] his claim of malicious prosecution against Sgt. Menges is, nonetheless, undeveloped. While the public record shows that Sgt. Menges was the arresting officer, and Hanna alleges generally that Sgt. Menges coached a witness, threw another witness out of the courtroom, and tried to "frame" Hanna during the preliminary hearing, Hanna simply has not alleged facts that plausibly show that Sgt. Menges lacked probable cause when he initiated the criminal proceeding.[43] Because the Court cannot say at this time that Hanna cannot cure the defects in his claims, he will be afforded one final opportunity to assert his claims against Sgt. Menges in an amended complaint.

## IV.   CONCLUSION

As set forth more fully above, Hanna's claims against Sgt. Menges are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Hanna may file an amended complaint to assert a plausible basis for his claims against Sgt. Menges. Hanna may not, however, reassert a claim that has already been dismissed with prejudice or rename a party that has already been terminated from this case. An order follows with additional information about amendment.

---

[42] In his July 25, 2022 motion, Hanna asserts that the charge of receiving stolen property was withdrawn by the Commonwealth on June 29, 2022. *See* Doc. No. 13 (citing CP-06-CR-2583-2021). He reiterates this contention in his Notice to Stand on Complaint. *See* Doc. No. 17. The Court accepts this allegation as true for purposes of screening. As noted *supra*, the state court docket reflects that on June 29, 2022, Hanna pled guilty on a charge of intentional possession of a controlled substance by a person not registered. *See Commonwealth v. Hanna*, CP-06-CR-0002583-2021 (C.P. Berks).

[43] *See, e.g., Jenkins v. City of Phila.*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims because plaintiff failed to demonstrate lack of probable cause where plaintiff alleged that he was twice arrested, did not have drugs in his possession, did not break the law and the police confiscated his property); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false).