IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN W. HANNA<br><br>    Plaintiff,<br><br>  v.<br><br>READING POLICE DEPARTMENT SERGEANT MENGES<br><br>    Defendant. | CIVIL ACTION NO. 21-3812 |

MEMORANDUM OPINION

Rufe, J.                                      March 27, 2024

  *Pro se* Plaintiff Kevin W. Hanna filed suit against Reading Police Department Sergeant Charles Menges. Defendant has moved to dismiss the Amended Complaint. For the reasons stated below, Defendant's Motion to Dismiss will be granted.

**I.  PROCEDURAL BACKGROUND**

  Plaintiff Kevin W. Hanna initiated this action on August 23, 2021, while he was a pretrial detainee at Berks County Jail. Hanna initially asserted claims against five Defendants: (1) Colin Boyer of the Berks County District Attorney's office, (2) Public Defender Sean Fitzgerald, (3) Magistrate Judge Jane Doe, (4) Kyle Doe, and (5) Reading Police Sergeant Charles Menges. By Memorandum and Order on November 19, 2021, this Court screened Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissing with prejudice his claims against Colin Boyer, Sean Fitzgerald, Magistrate Judge Jane Doe, and Kyle Doe.[1] The Court stayed all claims against Sergeant Menges,[2] which were based on alleged actions taken by him in connection with

---

[1] Hanna's claims against Boyer were dismissed with prejudice based on absolute immunity; the claims against Public Defender Fitzgerald were dismissed with prejudice because Fitzgerald is not a state actor; the claims against Magistrate Jane Doe were dismissed with prejudice because she is entitled to absolute judicial immunity; and the claims against Kyle "Doe" were dismissed with prejudice because he is not a state actor and is entitled to immunity from a civil rights claim based on testimony at a pretrial hearing. *See* Mem. Op. [Doc. No. 8].

[2] State court records list Charles R. Menges as the arresting officer in *Commonwealth v. Hanna*, CP-06-CR-0002583-2021 (C.P. Berks).

Hanna's then-pending prosecution by the Commonwealth of Pennsylvania, under the abstention doctrine set forth by the United States Supreme Court in *Younger v. Harris*.[3]

Hanna was instructed that he could move to reopen the matter following resolution of his criminal case.[4] On July 25, 2022, Hanna filed a Motion for Appointment of Counsel, indicating, *inter alia*, that "the charge(s) receiving stolen property was withdrawn by the Commonwealth" and asking to reopen his case and file an amended complaint.[5] By Order on August 1, 2022, Hanna's motion was granted in part and denied in part such that (1) the matter was reopened, (2) Hanna was granted thirty-days leave to file an amended complaint on Hanna's stayed claims against Sergeant Menges, and (3) the motion to appoint counsel was denied as premature.[6] The Order also provided that if Hanna did not file any response, the Court would conclude that Hanna intended to stand on his Complaint and screen the remaining claims against Sergeant Menges pursuant to 28 U.S.C. § 1915(e)(2)(B).[7] Hanna elected to stand on his Complaint, filing a Notice to Stand on Complaint on November 21, 2022.[8]

Consequently, the Court screened the remaining claims against Sergeant Menges, and dismissed Hanna's malicious prosecution claim without prejudice because Hanna failed to allege facts that "plausibly show that [Sergeant] Menges lacked probable cause when he initiated the criminal proceeding."[9] Thereafter, on February 3, 2023, Hanna filed an Amended Complaint

---

[3] 401 U.S. 37 (1971).

[4] *See* Doc. No. 9.

[5] Pl.'s Mot. Appointment Counsel [Doc. No. 13].

[6] Order Granting in Part and Denying in Part Pl.'s Mot. Appointment Counsel [Doc No. 14].

[7] *Id.*

[8] Notice Stand Compl. [Doc. No. 17].

[9] Mem. Op. [Doc. No. 18] at 8.

against Sergeant Menges.[10] Sergeant Menges filed a Motion to Dismiss Hanna's Amended Complaint, which is now before the Court for resolution.[11]

## II. FACTUAL ALLEGATIONS

The facts as alleged in Plaintiff's Amended Complaint are taken as true for the purposes of the Motion to Dismiss. The Court considers only facts alleged in Hanna's Complaint and matters of public record.[12] Plaintiff was pulled over by Defendant Sergeant Menges on July 17, 2021, at 9:30 am, while driving a 2004 Dodge Ram that was previously reported stolen.[13] Hanna states that he was test driving the car after doing repairs.[14] A catalytic converter and new tools were in the vehicle when Hanna was pulled over.[15]

After Hanna was taken to central processing, he was questioned by Sergeant Menges about the car and the property in the back of the vehicle. Hanna explained that he had the catalytic converter and new tools because he is an inspection mechanic and was repairing the vehicle.[16] Hanna further explained that his "customer . . . allow[ed] [Plaintiff] to use the vehicle to move [his] property to work."[17] When told by Sergeant Menges that the vehicle was stolen on June 8, 2021, Hanna said that he "could prove it was not [him] on this video taking the Dodge Ram."[18] Hanna told Sergeant Menges that he was pulled over by Middletown Township Police

---

[10] Am. Compl. [Doc. No. 20].

[11] Def.'s Mot. Dismiss [Doc. No. 29].

[12] The Court may take judicial notice of matters of public record. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[13] Am. Compl. [Doc. No. 20] at 6.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 6–7.

[17] *Id.*

[18] *Id.* at 7.

driving his Audi A6 at 3:00 a.m. on June 8, 2021.[19] Since the Dodge Ram was stolen at 1:30 a.m. in Northern Berks County, Hanna stated that he could not have been the person on the video who stole the car.[20]

At his preliminary hearing on July 30, 2021, Hanna wished to present his wife Shannon Casey as a witness, so that she could testify to his alibi and being "present when the customer gave [Plaintiff] the keys and asked [Plaintiff] to repair the vehicle."[21] However, when Hanna asked if Shannon Casey was present, "the Magistrate Judge, Colin Boyer, [Sergeant] Menges and Sean Fitzgerald" replied that she was not present.[22] According to Hanna, Sergeant Menges then "called Kyle the co[-]owner of the vehicle to the stand and asked if [Plaintiff] was the man on the video stealing the 2004 Dodge Ram."[23] Kyle testified that the catalytic converter and new tools looked stolen.[24] Hanna "told everyone from the initial traffic stop [he] had an alibi and [he] did nothing wrong."[25] Hanna's receiving stolen property charge was ultimately dismissed, and Hanna plead guilty to a lesser charge of possession of a controlled substance.[26]

### III.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[27] The question is not whether the plaintiff will ultimately prevail, but whether the complaint is "sufficient to cross

---

[19] *Id.*

[20] *Id.*

[21] *Id.* at 7–8.

[22] *Id.* at 8.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 9.

[26] *See* Def.'s Mot. Dismiss, Ex. A [Doc. No. 29] at 3 (Berks County Court of Common Pleas Court Summary).

[27] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

the federal court's threshold."[28] The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[29] However, the court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'"[30] As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally.[31] However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."[32]

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.[33] To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.[34] Dismissals under Rule 8 are "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."[35]

### IV. DISCUSSION

Hanna asserts a single constitutional claim for malicious prosecution against Sergeant Menges. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and

---

[28] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

[29] *Philips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

[30] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)).

[31] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[32] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

[33] *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).

[34] *See Travaline v. U.S.*, 424 F. App'x 78, 79 (3d Cir. 2011).

[35] *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

must show that the alleged deprivation was committed by a person acting under color of state law."[36]

A plaintiff asserting a Fourth Amendment malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[37] Hanna has failed to cure the deficiencies in his original Complaint because he has not plausibly shown that (1) Sergeant Menges initiated the criminal proceeding or (2) Sergeant Menges lacked probable cause.

Prosecutors rather than police officers are responsible for initiating criminal proceedings.[38] However, a police officer may be considered to have "initiated a criminal proceeding if he . . . knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion."[39] This is because "in such cases, an intelligent exercise of the . . . [prosecutor's] discretion becomes impossible, and a prosecution based on the false information is deemed procured by the person giving the false information."[40]

---

[36] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[37] *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

[38] *See Henderson v. City of Philadelphia*, 853 F. Supp. 2d 514, 518 (E.D. Pa. 2012); *White v. Brommer*, 747 F. Supp. 2d 447, 459 (E.D. Pa. 2010); *Albright v. Oliver,* 510 U.S. 266, 279 n. 5 (1994) (Ginsburg, J., concurring).

[39] *Henderson*, 853 F. Supp. 2d, at 518 (quoting *Brockington v. City of Philadelphia*, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005)). *See also Gallo v. City of Philadelphia,* 161 F.3d 217, 220 n. 2 (3d Cir. 1998) ("Decisions have recognized that a § 1983 malicious prosecution claim might be maintained against one who furnished false information to, or concealed material information from, prosecuting authorities.") (quotations omitted); *Stango v. Rodden,* No. 00–CV–5709, 2001 WL 1175131, at *4 (E.D. Pa. Aug. 21, 2001).

[40] *Stango*, 2001 WL 1175131, at *4 (quoting *Harris v. City of Philadelphia,* No. CIV. A. 97-3666, 1998 WL 481061, at *5 (E.D. Pa. Aug. 14, 1998) (citations omitted).

Here, Hanna has failed to allege any facts to show that Sergeant Menges provided false information to the prosecutor or that he interfered with the prosecutor's discretion. Hanna states that his wife told Sergeant Menges that he had an alibi. However, Hanna does not allege that this information was withheld from the prosecutor. In fact, the Amended Complaint states that his wife told Sergeant Menges *and* Colin Boyer of the Berks County District Attorney's office about his alibi prior to the preliminary hearing.[41] Therefore, Hanna cannot demonstrate that Sergeant Menges initiated the criminal proceeding, as is required for a malicious prosecution claim.

Hanna has also failed to allege that Sergeant Menges lacked probable cause. "Probable cause exists when the facts known to the officer are sufficient to warrant a reasonable person to believe that an offense has been committed."[42] When evaluating probable cause, the Court examines "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."[43]

Under Pennsylvania law, a person is guilty of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner."[44] Receiving is defined as "acquiring possession, control or title, or lending on the security of the property."[45] Plaintiff asserts that he could not have stolen the 2004 Dodge Ram because Hanna was being pulled over by Middletown Township Police driving his Audi in Northern Berks County near the time that the

---

[41] Am. Compl. [Doc. No. 20] at 7–8.

[42] *Harper v. City of Philadelphia*, No. 21-2262, 2022 WL 17337574, at *1 (3d Cir. Nov. 30, 2022) (citing *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995)).

[43] *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988) (citations omitted).

[44] 18 PA. CONS. STAT. § 3925(a).

[45] *Id.* § 3925(b).

2004 Dodge Ram was being stolen.[46] However, *theft* of a vehicle is a separate crime from *receiving* stolen property. Hanna need not have been the one who initially stole the 2004 Dodge Ram for there to be probable cause that he received stolen property under Pennsylvania law.

Hanna also alleges that his wife told Sergeant Menges that she "was present when the customer gave [him] the keys and asked [him] to repair the vehicle."[47] However, this fact alone is insufficient to demonstrate that Sergeant Menges lacked probable cause to arrest Hanna. As Hanna states in his Amended Complaint, Sergeant Menges pulled Hanna over while he was driving a vehicle that was reported stolen. In addition, a witness testified at the preliminary hearing that the items in the back of the car were stolen.[48] These facts, as alleged in Plaintiff's Amended Complaint, are sufficient to establish that Sergeant Menges had probable cause.

## V. LEAVE TO AMEND

Hanna alleges additional facts in his Response to Defendant's Motions to Dismiss. However, it is well-established that a "complaint may not be amended by the briefs in opposition to a motion to dismiss."[49] Furthermore, even if the Complaint could be amended in this manner, none of the additional facts alleged in Plaintiff's Response demonstrate that Sergeant Menges initiated the criminal proceeding, provided false information to a prosecutor, or lacked probable cause. In fact, many of the allegations are repetitive of Plaintiff's original Complaint, which this Court dismissed.[50]

---

[46] Am. Compl. [Doc. No. 20] at 7.

[47] *Id.* at 7–8.

[48] *Id.* at 8.

[49] *Reed v. Chambersburg Area Sch. Dist.*, 951 F. Supp. 2d 706, 720 (M.D. Pa. 2013) (citations omitted).

[50] *See* Compl. [Doc. No. 2]; Order [Doc. No. 19].

A district court should generally grant leave to amend unless amendment would be inequitable or futile.[51] The Court afforded Plaintiff "one final opportunity" to assert his claims against Sergeant Menges.[52] Hanna's Amended Complaint failed to cure the deficiencies in the original Complaint. Based on Hanna's own alleged facts in the Amended Complaint, the criminal proceeding was initiated with probable cause. Therefore, any additional leave to amend would be futile.

## VI.  CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is granted. An order will be entered.

---

[51] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

[52] *See* Mem. Op. [Doc. No. 18] at 8.